# National Bank of Fayette County *versus* Dushane et al., Administrators.

1. Where usurious interest has been actually received by a national bank
on the renewals of a series of notes, and the bank brings suit on the last
note of the series, such illegal interest cannot be set off by the defendant.
The only remedy of the latter is by an action of debt against the bank,
under the National Bank Act, to recover the penalty therein prescribed.

2. The forfeiture of the interest only occurs where illegal interest has been
stipulated for but not paid.

3. Lucas *v.* The Bank, 28 P. F. Smith 228, Overholt *v.* The Bank, 1 Norris
490, and kindred cases, overruled, so far as they hold that illegal interest
taken by a national bank can be used by way of set-off or payment.

November 18th 1880. Before MERCUR, GORDON, PAXSON,
TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J.,
absent.

Error to the Court of Common Pleas of *Fayette county :* Of
October and November Term 1880, No. 153.

Assumpsit by the National Bank of Fayette county against
Joshua M. Dushane and A. O. D. Tinstman, administrators of the
estate of Martin O. Tinstman, deceased, to recover the balance
alleged to be due by the estate of Tinstman on a note made by said
Tinstman October 19th 1872, for $5000, payable four months after ·
date to the order of A. Overholt & Co., at said bank and endorsed
by said payees. Plaintiff admitted the payment of interest on
said note to January ·1st 1875, and also a credit of $1519.12
on September 20th 1875, and another of $1000 on December 8th
1875.

The only defence made was that of usury; to establish which
defendants showed that the note in suit was the last of a series of

[Nat. Bank of Fayette Co. *v.* Dushane.]

notes given in renewal of a loan of $50·00 originally obtained by said Tinstman from said bank on March 3d 1870, which notes the bank had regularly discounted at the rate of ten per cent. per annum. The dates, length of time and discount of each note is as follows :

| Date. | Time. | Discount paid. |
|---|---|---|
| March 3d '70, | 90 days, | $130.55 |
| June 4th '70, | 6 months, | 259.72 |
| Dec. 7th '70, | 4 " | 173.60 |
| April 10th '71, | 6 " | 257.66 |
| Oct. 13th '71, | 6 · " | 259.72 |
| April 16th '72, | 6 " | 259.72 |
| Interest and discount paid on note in suit to Jan. 1st '75, | | 744.45 |
| Credits on principal as aforesaid, | | 2519.12 |
| | Total amount paid on loan, | $4604.54 |

Defendants, therefore, claimed that there had been a plain violation of law in the taking and receiving of discount or interest at a greater rate than six per cent., and submitted the following point which the court, Stowe, P. J., of Court of Common Pleas, No. 1, of Allegheny county, holding a special court, affirmed."

" That if the jury find from the evidence that the plaintiff has. charged and received a rate of interest over six per cent. on the note in suit, and ·the several notes of which it is a renewal, that · the interest-bearing quality of said notes is thereby destroyed, and no interest can be allowed; and that the defendant is entitled to a credit against the face of the note of all payments made." •

Verdict for plaintiff for $395.46, the difference between the face of the note and the sum total of the discounts and payments made on the loan from the beginning. After judgment on this verdict the plaintiff took this writ and alleged that the court erred in affirming the defendant's point.

*Nathaniel Ewing*, for plaintiff in error.—When this case was tried the recognised authority on such questions of usury as were raised here was Lucas et. al. *v.* Government National Bank of Pottsville, 28 P. F. Smith 228 ; and the court below followed the principles there laid down in affirming the point submitted by the defendants. But since that time both the Supreme Court of the United States and this court—the former in Barnet et. al. *v.* Muncie National Bank, 8 Otto 555, and the latter in the National Bank of Clarion *v.* Gruber, 10 Norris 377—have placed a different construction upon the National Banking Act. These latter cases decide that the usurious interest or discount cannot be applied by way of offset or payment to the note in suit, as was done in this case ; but that where such illegal interest has been paid, twice the

[Nat. Bank of Fayette Co. *v.* Dushane.]

amount so paid can be recovered in a penal action of debt, &c. The court, therefore, erred in permitting the defendants to defalk from the face of the note in suit the whole amount paid as interest or discount on the loan from the beginning. As the interest was actually paid in this case, and not merely stipulated for, it is not embraced in the first category defined by the United States Supreme Court in the case of Barnet *v.* The Bank, above referred to, where the interest-bearing quality of the note is destroyed and only the sum loaned, without interest, can be recovered. Hence we think we are entitled to recover the amount of the note with interest, less the credits admitted.

*Boyle & Mestrezat,* for defendants in error.—By the Act of Congress of June 3d 1864, the entire interest is forfeited whenever usury has been taken, received, reserved or charged. And our position is that the several amounts received by the plaintiff from the defendant were payments on the note, and that plaintiff was entitled to recover the face of the note less these payments. This being a renewal note, the last in a series on all of which usury had been taken, all the interest was forfeited. The authorities cited by plaintiff in error clearly show that the loan and the original note as evidence of it, were not satisfied or paid by the subsequent renewals of the note. The statute had forfeited the entire interest, and as a consequence the note bore none, and whatever sums had been paid the bank were payments on the principal. In Barnet *v.* National Bank, 8 Otto 555, the second ground of defence was precisely similar to that taken by us in the case at bar; that the bill in suit was the last of a series, and that illegal interest was taken upon the series, all of which should be applied as a payment upon the bill in suit. The Circuit Court in overruling the demurrer to the defence decided that the illegal interest paid on a series of notes could be applied as a payment in an action on the last of the series. The Supreme Court refers to this disposition of the point by the Circuit Court, and indicates no objection to it. The case of the First National Bank *v.* Gruber, 10 Norris 377, is not a similar case to this one. In that case John Gruber, Sr., brought an action against the bank to recover under the National Bank Act double the amount of certain payments of usurious interest made to the bank within two years prior to the beginning of the action; and also the excess of interest, over six per cent., on certain other payments of usurious interest made more than two years previous to and within six years of the commencement of the action. The tenth point of the defendant was as follows: "There can be no recovery under the evidence as to moneys claimed in this action except as to the penalty." The court below answered that "we think there can be recovery for such moneys as were paid by the plaintiff as interest or discount, where such moneys so paid were in excess of six per

cent." This court reversed the court below on the authority of Barnett *v.* The National Bank, *supra*, and said that from that case it appears that neither by set-off nor original action can interest, over legal rate paid to a national bank, be recovered except by way of penalty, as prescribed by the Act of Congress of June 3d 1864. We submit that the question of the right to set off usurious interest in a suit brought to enforce the contract was not raised in, nor necessary to a decision of the case of the Bank *v.* Gruber, and, therefore, anything said in regard to it was merely *obiter dicta.* This court will not overrule a long line of its decisions unless compelled in clear and explicit terms.

Mr. Justice GORDON delivered the opinion of the court, January 3d 1881.

This case, on the authority of the recent decision of the Supreme Court of the United States, Barnett *v.* The National Bank, 8 Otto 555, must be reversed. It was there held that usurious interest, previously received by a national bank, though taken in the renewals of a series of bills of which the one in suit was the last, could not be pleaded by way of set-off, and that the only remedy was by an action of debt founded on the penal clause of the Act of Congress. This case, of course, overrules Lucas *v.* The Bank, 28 P. F. Smith 228; Overholt *v.* The Bank, 1 Norris 490, and all cases of a similar character, at least so far as they hold that illegal interest taken by a national bank can be used by way of set-off or payment.

In a transaction like the one in hand, from the case above cited, it will be found that the defendants' only remedy was by a penal action for double the illegal interest paid, and that the forfeiture of the interest upon the note only occurs where illegal interest has been stipulated for but not paid. It follows that the plaintiff should have been permitted to recover the full amount of the note in suit with interest.

Judgment reversed, and a new venire ordered.